IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WALLER TRUCK CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 13-2249-KHV |
| | ) | |
| BRIAN MORTON and | ) | |
| CARY JAMES BOCKOVER, III, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Waller Truck Company, Inc. brings suit against Brian Morton for negligently entrusting his pickup truck to Cary James Bockover, III, who was driving the truck when it collided with a semi-tractor trailer driven by an employee of Waller Truck.[1]  This matter is before the Court on Defendant Brian Morton's Motion For Summary Judgment (Doc. #37) filed April 30, 2014.  For reasons stated below, the Court overrules defendant's motion.

**Summary Judgment Standards**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993).  A "genuine" factual dispute is one "on which the jury could reasonably find for the plaintiff," and requires more than a mere scintilla of evidence.  Liberty Lobby, 477 U.S.

---

[1] Waller Truck also asserted a claim against Bockover who has not appeared.  On February 19, 2014, the Clerk entered default as to Bockover.

at 252. A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Id. at 248.

The moving party bears the initial burden of showing that there are no genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Justice v. Crown Cork & Seal Co., 527 F.3d 1080, 1085 (10th Cir. 2008). Once the moving party meets the initial burden, the burden shifts to the nonmoving party to show that a genuine issue remains for trial with respect to the dispositive matters for which the nonmoving party carries the burden of proof. Nat'l Am. Ins. Co. v. Am. Re-Ins. Co., 358 F.3d 736, 739 (10th Cir. 2004); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). As to these matters, the nonmoving party may not rest on the pleadings but must set forth specific facts. Fed. R. Civ. P. 56(e)(2); Matsushita, 475 U.S. at 586-87; Justice, 527 F.3d at 1085. Conclusory allegations not supported by evidence are insufficient to establish a genuine issue of material fact. Jarvis v. Potter, 500 F.3d 1113, 1120 (10th Cir. 2007); see Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996).

When applying this standard, the Court must view the factual record in the light most favorable to the party opposing the motion for summary judgment. Duvall v. Ga.-Pac. Consumer Prods., L.P., 607 F.3d 1255, 1260 (10th Cir. 2010); see Ricci v. DeStefano, 557 U.S. 557, 586 (2009). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Liberty Lobby, 477 U.S. at 250-51. Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

**Factual Background**

The following material facts are uncontroverted, deemed admitted or where controverted,

construed in a light most favorable to plaintiff.

Morton resides on approximately 10 acres of land in Parsons, Kansas. In late 2010 or early 2011, Morton hired Bockover to do several odd jobs on his property. Morton allowed Bockover to use Morton's pickup truck in conjunction with these jobs.

Later in the spring of 2011, Bockover's own pickup truck broke down, and Morton allowed Bockover to use his truck to perform various jobs both for Morton and other people. Morton did not directly supervise Bockover when he used the truck. Morton limited Bockover's use of the truck for traveling to and from jobs and completing those jobs at various locations within Parsons. Morton specifically told Bockover not to use the vehicle for personal use. In May of 2011, Morton discovered that law enforcement officers arrested Bockover for driving under the influence (DUI) while operating Morton's truck some 50 miles outside of Parsons, Kansas. When Morton learned that Bockover had been arrested, he realized that Bockover may have exceeded the permissive use of the truck on other occasions as well.

In August of 2011, Morton hired Bockover to clean up fallen limbs and do other yard work on Morton's property. Bockover agreed to do the work on August 19 or 20, 2011, when Morton had planned to be out of town. The work included transporting downed limbs on Morton's property to a burn pile which was also located on Morton's property. Bockover understood that Morton gave him permission to use Morton's truck only on Morton's private property and only for the specific purpose of hauling limbs to the burn pile. Bockover recalls that Morton told him that he could not take the truck off of Morton's property. When Morton hired Bockover and allowed him to use the truck in August of 2011, he knew that Bockover had two prior DUIs, that Bockover had a suspended driver's license, and that Bockover had previously attended an alcohol rehabilitation program.

After hiring Bockover, Morton left town for the weekend of August 19-21, 2011. Without Morton's knowledge or permission, Bockover took the truck off of the property to pick up a freezer he had purchased. Morton was not aware that Bockover had purchased a freezer or that Bockover wanted to use the truck to haul the freezer. During the evening of August 21, 2011 on Highway 169 in Montgomery County, Kansas, Bockover crashed Morton's truck into a semi-tractor trailer which was owned and operated by Waller Truck.

Waller Truck claims that Morton negligently entrusted his truck to Bockover who was intoxicated at the time of the accident.

## **Analysis**

To prevail on its claim of negligent entrustment, Waller Truck must prove the following four elements: (1) Morton entrusted the truck to Bockover, (2) Bockover was incompetent to use it, (3) Morton knew or had reason to know that Bockover was incompetent to use it, and (4) the entrustment of the vehicle was the proximate cause of the damage to Waller Truck. See Shirley v. Glass, 297 Kan. 888, 894-95, 308 P.3d 1, 6 (2013); McCart v. Muir, 230 Kan. 618, 620-21, 641 P.2d 384, 387 (1982). Morton argues that he is entitled to summary judgment because (1) Bockover was not incompetent to operate the vehicle on private property, (2) Morton was not negligent because he did not know or have reason to know that Bockover would exceed the limited permission to use the vehicle only on Morton's property, and (3) Morton was not a proximate cause of the accident because Bockover deliberately exceeded the scope of Morton's limited permission to use the vehicle.

Plaintiff has presented sufficient evidence for a reasonable jury to find that Bockover was not a competent driver and that Morton knew or should have known of this fact. An incompetent

driver is one, who by reason of age, experience, physical or mental condition, or known habits of recklessness, is incapable of operating a vehicle with ordinary care. McCart, 230 Kan. at 620-21, 641 P.2d at 387. "It is negligence to permit a third person to use a thing . . . which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing . . . in such a manner as to create an unreasonable risk of harm to others." Snodgrass v. Baumgart, 25 Kan. App.2d 812, 816, 974 P.2d 604, 607 (1999) (citing Restatement of Torts (Second) § 308, comment b). Viewing the evidence in a light most favorable to plaintiff, Morton knew or had reason to know that Bockover was likely to ignore any prohibition to use the truck on public roadways because some three months earlier, Bockover ignored Morton's limitation to only use the truck for business use in the town of Parsons. At that time, Bockover was arrested for DUI while operating Morton's truck some 50 miles away from Parsons. At that time, Morton realized that Bockover might have used the truck beyond its permitted use on other occasions as well. By August of 2011, Morton also knew that Bockover was arrested for DUI on another occasion and Bockover had a suspended driver's license. The above facts create a genuine issue of material fact whether Bockover was a competent driver and whether Morton was negligent in entrusting the truck with Bockover.[2]

---

[2] Morton argues that he cannot be liable for Bockover's unauthorized use of the vehicle on public roadways. Morton is not immune from liability for negligent entrustment by placing various restrictions on the use of the vehicle. The tort of negligent entrustment involves supplying property to a third person and the tort frequently occurs when a car owner lends or entrusts his or her car to a person whom the owner knows is incompetent or inexperienced to use it safely. Tran v. Nguyen, 44 Kan. App.2d 443, 450, 238 P.3d 314, 319 (2010). In using the property, the third party often goes beyond the owner's express restrictions. Liability for negligent entrustment, however, may attach if the third person's known character or the peculiar circumstances of the care of the vehicle are such as to give the actor good reason to believe that the third person may misuse the vehicle and create an unreasonable risk of harm to others. See Stallings v. Werner Enters., Inc.,
(continued...)

Plaintiff has also presented sufficient evidence for a reasonable jury to find that Morton was a proximate cause of its damages. The Kansas Supreme Court has noted that whether the negligent conduct of the original wrongdoer is to be insulated as a matter of law by the intervening negligent act of another is determined by the test of foreseeability. Davey v. Hedden, 260 Kan. 413, 427, 920 P.2d 420, 430 (1996). If the original actor should have reasonably foreseen and anticipated the intervening act causing injury in the light of the attendant circumstances, his act of negligence would be a proximate cause of the injury. Id. Morton argues that he could not reasonably foresee that Bockover would ignore Morton's limited permission to use the vehicle. While Morton has presented evidence that he told Bockover not to operate the vehicle off the property, the issue is whether when Morton left his truck keys with Bockover for the weekend, he knew or should have known that Bockover was likely to use the truck in such a manner as to create an unreasonable risk of harm to others. Snodgrass, 25 Kan. App.2d at 816, 974 P.2d at 607. The evidence discussed above is sufficient to create a genuine issue of material fact whether Morton should have reasonably foreseen and anticipated that Bockover would operate the truck on public roadways while intoxicated. Accordingly, the Court overrules Morton's motion for summary judgment on this issue.

**IT IS THEREFORE ORDERED** that Defendant Brian Morton's Motion For Summary Judgment (Doc. #37) filed April 30, 2014 be and hereby is **OVERRULED.**

Dated this 10th day of October, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

²(...continued)
598 F. Supp.2d 1203, 1207 (D. Kan. 2009) (citing Restatement (Second) of Torts § 308, comment b).